FRANK et al. v. BERNARD.

(Circuit Court of Appeals, Second Circuit. Feb. 14, 1911.)

No. 132.

APPEAL AND ERROR (§ 708*)—QUESTIONS PRESENTED FOR REVIEW—EFFECT OF OMISSION OF EVIDENCE.

An order fining a party for contempt for disobedience of an injunction is not reviewable on a record which does not contain the evidence on which it was based.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 708.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Leo Frank and Israel De Keyser against William Bernard. From final decree, complainants appeal. Appeal dismissed. See, also, 185 Fed. 812.

O. Ellery Edwards, Jr., for appellants.
Henry D. Williams, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. This appeal (No. 132) is from a final decree of the Circuit Court for the Southern District of New York, entered March 14, 1910. The decree is as follows:

"It is ordered, that the interlocutory decree of this court entered the 22d day of July, 1904, be rescinded in so far as the same directs that the cause be referred to H. Louis Jacobson, Esq., to ascertain, take and state and report to this court an account of the number of match safes made, and also the

number sold by the defendant, and also the gains, profits and advantages which the said defendant has received or which may have arisen or accrued to him since the 12th day of January, 1899, the date of the assignment from himself to the complainants, from infringing the said exclusive rights of the complainants, Frank and De Keyser, by the manufacture, use and sale of said improvements patented in the 2d claim of letters patent 571,121. And it now appearing that the complainant waives the right to an accounting of profits and to any substantial recovery of damages against the defendant, and that by agreement of all parties the accounting proceedings before the master have been terminated and the expenses have been borne by both parties and the master has been compensated in full. It is further ordered, adjudged and decreed, that this final decree be entered without costs to either party as to this accounting."

The interlocutory decree is not printed in the record. In the petition of appeal it is stated that:

"I is particularly desired that the Circuit Court of Appeals will review and modify the interlocutory order entered in this case the 26th day of July, 1909."

This was the order in which the defendant was fined $1,200 for continuing the sale of infringing devices after the injunction was served upon him. He was also directed to pay taxable costs and disbursements. The assignments of error assert that the court should, in addition, have allowed a counsel fee, the fees of the master and stenographer, and a per diem fee of $30 to the complainants' counsel for every day or fraction of a day he was engaged in, or preparing for, the contempt proceedings.

The only papers appearing in this record are the order of July 26, 1909, the so-called final decree, the assignment of errors and the petition for appeal. It is manifest that these furnish no adequate basis for a review of the decree in the particulars named. We know that the defendant was fined $1,200 for disobeying the injunction and was directed to pay taxable costs and disbursements. This is all we know, and it is clear that there is nothing in the record which will justify our interference in any way with the order.

Counsel for the complainants seems to be of the opinion, because the records in other appeals taken by the defendant contain the necessary facts, that these may be used in support of the present appeal. Without intending to sanction such practice, especially where no order permitting it has been granted, we think it proper to state that after an examination of all the papers submitted on the three appeals, we are convinced that an increase of the amounts fixed in the order is not warranted by the facts.

The appeal is dismissed with costs.